BRADFORD SECURITIES PROCESSING SERVICES, INC., Plaintiff-Appellant,

v.

PLAZA BANK AND TRUST, et al., Defendants,

and

Fred W. Rausch, Jr., Defendant-Appellee.

No. 57274.

Supreme Court of Oklahoma.

July 27, 1982.

As Corrected July 27, 1982.

Rehearing Denied Nov. 1, 1982.

LeBoeuf, Lamb, Leiby & MacRae, New York City, Linn, Helms, Kirk & Burkett, Oklahoma City, for plaintiff-appellant; Eric H. Moss, New York City, of counsel.

James W. Shepherd, Don G. Holladay, Andrews, Davis, Legg, Bixler, Milsten & Murrah, Inc., Oklahoma City, for defendant-appellee.

LAVENDER, Justice:

The U.S. Court of Appeals for the Tenth Circuit, pursuant to 20 O.S.1971, § 1601 et seq., certifies the following question:

> Does a pledgee who forecloses on bonds state a cause of action against bond counsel for alleged negligence in preparing his opinion which made representations, *inter alia,* of payment of consideration, legality of the bond issue, and tax-exempt status of the bonds, where counsel allegedly knew that his legal opinion would appear on the bond certificates and be relied on by the purchasers of the bonds and where the opinion was also relied on by the pledgee?

The original complaint arose from plaintiff's forced purchase of $2,075,000 of Osage Authority Industrial Revenue Bonds, issued by a public trust created under the laws of Oklahoma. Plaintiff is in the business of "clearing" securities transactions on behalf of its customers. Plaintiff advances money to its customers, primarily bond brokers and dealers, securing the advances by bonds received in their behalf. Plaintiff retains possession of the bonds and becomes a pledgee.

On or after March 27, 1974, Tower Brokerage and National Municipals, customers of plaintiff, defaulted in repayment; plaintiff foreclosed and became a forced purchaser of the Osage Bonds which proved to be of little or no value.

Plaintiff alleged, *inter alia,* violation of 10–b, 10–b 5, and 17(a) of the Securities Exchange Act as to all defendants except Fred Rausch, who acted as bond counsel.

Plaintiff's claim against Rausch was based on negligence, asserted under state law, for representing in his bond opinion:

"either expressly or by necessary implication from the language used that the entire consideration for the bond issue had been paid, that the said bonds were legally issued, and that the interest . . . would be excludable from gross income under Section 103 of the Internal Revenue Code."

The appeal to the Tenth Circuit arose from the dismissal of plaintiff's complaint against Rausch for failure to state a claim on which relief can be granted. In dismissing, the court held (1) that bond counsel could be held liable to Bradford only for fraudulent, and not negligent, misrepresentation; (2) there could be no liability because Bradford was not Rausch's client.

In *Keel v. Titan Const. Corp.*, Okl., 639 P.2d 1228 (1982), the Oklahoma Supreme Court had under consideration the question of where a plaintiff alleges a negligent breach by the defendant of a contract between the defendant and a third party, whether such allegations state a cause of action in favor of the plaintiff and against the defendant. Therein, the Court enunciated several principles of law which are applicable to the question as certified, which are as follows:

1. Whether defendant's negligent breach of contract brings the plaintiff within the orbit of defendant's liability becomes one of proximate cause.

2. Before one may become liable for his tortious injury to another, the injury complained of must have been reasonably foreseeable to the tortfeasor.

3. Whenever the circumstances attending a situation are such that an ordinarily prudent person could reasonably apprehend that, as the natural and probable consequences of his act, another person will be in danger of receiving an injury, a duty to exercise ordinary care to prevent such injury arises.

4. Causation traditionally lies within the realm of fact, not law. In an action for injuries caused by the defendant's negligence, it is a jury question whether the injurious consequences resulting from the negligence could have reasonably been foreseen or anticipated. Foreseeableness becomes a question of law for the court only when one reasonable conclusion can be drawn from the facts.

We will next consider the doctrine of foreseeability as it applies to proximate cause in relation to the orbit of liability of a defendant toward one or more plaintiffs who are not parties to the contract which is alleged to have been tortiously breached by the defendant.

*Keel* is distinguishable from the case at bar only in that there the plaintiff sought to be brought within the orbit of defendant's liability was limited to one person, the owner of the house in the construction of which the defendant contracted to design house plans including an auxiliary solar heat system; whereas, in the case before us, the persons sought to be brought within the orbit of defendant's tort liability consisted of a potentially large number, or a class of persons, who might seek redress against the defendant for defendant's negligent breach. This distinction was deemed to be significant in *Ultramares Corp. v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931). There Justice Cardozo, speaking for the Court, held that public accountants were not liable for negligence to third party creditors and investors, even where defendants knew that in the usual course of business the certified balance sheet would be exhibited by their employers to banks, creditors, etc. as the basis of financial dealings. Expressing his concern about extending "a liability in an indeterminate amount for an indeterminate time to an indeterminate class," the learned Justice confined the orbit of defendant's liability to those in contractual privity with the defendant.

Having determined that privity has no applicability under the law of Oklahoma in the realm of tort, we hold that while the apprehensions expressed in *Ultramares* may or may not be a telling argument as to whether the harm to a particular plaintiff

was *foreseeable* to the defendant, their significance is relegated to foreseeability as it relates to proximate cause and must be considered only in that light.

■ The question thus becomes, was defendant negligent *toward plaintiff?* Since the foreseeability of the reasonable man concept is a technique employed to obtain the jury's verdict on the issue of negligence in view of the total factual data of the case, and since the duty, a violation of which would constitute negligence, must be a duty owed to a class of persons of which the plaintiff is a member, the formula that should govern the jury in determining the issue of negligence is, *is the conduct of an ordinarily prudent man based upon the dangers he should reasonably foresee* TO THE PLAINTIFF OR ONE IN HIS POSITION *in view of all the circumstances of the case* such as to bring the plaintiff within the orbit of defendant's liability; not the particular hurt that actually befell the plaintiff, but the likelihood of some such harm as he suffered; and if the defendant fails to exercise the care that an ordinarily prudent person should have exercised under the circumstances, he is liable for the injuries plaintiff suffered as a result of such negligence. The circumstances include all the factors operative in the case commonly known as concurring or intervening agencies of third persons, animals, and phenomena of nature.[1]

■ The question as certified states a cause of action within the parameters set forth in the foregoing opinion.

IRWIN, C.J., BARNES, V.C.J., and HODGES, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.

SIMMS, J., dissents.