**RESOLUTION TRUST CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Cecil CONNER, A.N. Harley, Jr., Fallis A. Beall, Charles W. Hill, John E. Campbell, Robert J. Weedn, G.H. Stout, Jr., Janet Casselberry and Karla Griffin, Defendants.**

**No. CIV–92–506–R.**

United States District Court, W.D. Oklahoma.

June 1, 1993.

See also, 817 F.Supp. 98.

---

Gene C. Buzzard, David E. Keglovits, Gable & Gotwals, Tulsa, OK, for Resolution Trust Corp.

Henry C. Bonney, Thomas M. Weaver, David L. Benefield, John E. Campbell, Jr.,

John E. Campbell, Jr., Bonney Weaver Corley Benefield & Gossett, Duncan, OK, for Cecil Conner, A.N. Harley, Jr., Fallis A. Beall, Charles W. Hill, John E. Campbell, Janet Casselberry, Karla Griffin.

Henry C. Bonney, David L. Benefield, John E. Campbell, Jr., Bonney Weaver Corley Benefield & Gossett, Duncan, OK, for Robert J. Weedn.

Henry C. Bonney, Thomas M. Weaver, John E. Campbell, Jr., Bonney Weaver Corley Benefield & Gossett, Duncan, OK, for G.H. Stout, Jr.

## ORDER

DAVID L. RUSSELL, District Judge.

On March 22, 1993, this Court entered an Order staying any action on Defendants' motion for judgment on the pleadings to allow the Oklahoma Attorney General an opportunity to intervene in *Resolution Trust Corp. v. Alexander,* Case No. CIV-92-507-T, 1993 WL 761299 (W.D.Okl.1993), and present any argument which she deemed necessary to protect the public interest on the issue of the constitutionality of Okla.Stat. tit. 6, § 712(C) under Okla. Const. Art. 5, § 52, as applied in that case. The facts relevant to the issue of the constitutionality of that statute as applied in this case are identical to those in *Resolution Trust Corp. v. Alexander,* as noted by the Court in its Order of March 22, 1993. In the Order staying action on the motion herein, the Court stated that the Attorney General's failure to intervene in *Resolution Trust Corp. v. Alexander* would be "deemed by this Court to constitute a determination that the public interest is not affected by any determination that Okla.Stat. tit. 6, § 712(C) is unconstitutional as applied to causes of action for money damages brought by the RTC on March 13, 1992 against former officers and directors of an insured depository institution arising out of conduct not amounting to gross negligence or willful or intentional misconduct." Order of March 22, 1993 at p. 4.

The Attorney General of the State of Oklahoma has declined to intervene *Resolution Trust Corp. v. Alexander,* Case No. CIV-92-507-T, 1993 WL 761299, stated that she "is confident that the parties to ... [that] action

are fully capable of addressing all issues raised in the various pleadings ... [therein] and that therefore the public interest has been fully protected." Response of Attorney General, *Resolution Trust Corp. v. Alexander,* Case No. CIV–92–507–T, 1993 WL 761299. Pursuant to this Court's Order of March 22, 1993, this Court deems the declination of the Attorney General to intervene in that case to be a determination that the public interest is adequately protected herein or will not be affected by a determination that the Oklahoma statute is unconstitutional as applied herein.

The Court therefore proceeds to the merits of Defendants' motion.

■ Defendants argue that they are entitled to judgment on the pleadings[1] because the Resolution Trust Corp. ("RTC") has not alleged that actions of Defendants out of which Plaintiff's claims arise amounted to gross negligence or willful or intentional misconduct, which they assert is required by Okla.Stat. tit. 6, § 712(C)[2] for the RTC to state a claim against the Defendants.

Section 712(C) as added by 1992 Okla.Sess. Laws, Ch. 295, § 28, effective July 1, 1992, provides as follows:

"After August 9, 1989, no claim or action seeking to recover money damages shall be brought by the Federal Deposit Insurance Corporation, Resolution Trust Corporation or other federal banking regulatory agency against any director or officer, including any former director or officer, of any insured financial depository institution as defined in the Financial Institutions Reform, Recovery and Enforcement Act of 1989 unless such claim or action arises out of the gross negligence, willful or intentional misconduct of such officer or director during his term of office with such insured financial institution."

The RTC in response argues, *inter alia,* that the foregoing statute as applied to this action, which was filed on March 13, 1992, is unconstitutional under Okla. Const. Art. 5, § 52, because as applied to this action it takes away a cause of action after suit has been commenced on such cause. Section 52 of Article 5 of the Oklahoma Constitution states, in pertinent part, as follows:

After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to suit.

Okla. Const. Art. 5, § 52.

Defendants in reply argue that the prohibition in this constitutional provision is only upon legislative invasion into or deprivation of "vested rights," citing *Bankoff v. Board of County Commissioners,* 875 P.2d 1138 (Okla. 1994) and that neither common law nor statute creates a vested right in the RTC to proceed against former officers and directors of an insured financial depository institution for simple negligence, i.e., breach of a duty of ordinary care.

A vested right is the
[p]ower to do certain actions or possess certain things lawfully, and is substantially a property right. It may be created either by common law, by statute or by contract. Once created, it becomes absolute, and is protected from legislative invasion by Art. 5, Secs. 52 and 54 of our Constitution. *Oklahoma Water Resources Board v. Central Oklahoma Master Conservancy District,* 464 P.2d 748, 755 (Okla.1968).

■ At common law in Oklahoma, bank directors and officers have a duty to act in good faith and with ordinary diligence in conducting a bank's affairs. *Gay v. Akin,* 766 P.2d 985, 991 (Okla.1988); *Crews v. Garber,* 188 Okla. 570, 111 P.2d 1080, 1082 (1941); *Estate of Bras v. First Bank & Trust Co.,* 821 P.2d 387, 391 (Okla.App.1991), *cert. de-*

---

1. After Defendants filed their motion for judgment on the pleadings, Plaintiff amended its Complaint by adding a claim for gross negligence (Count 5). Defendants' motion does not apply to the new claim.

2. Defendants also initially argued that 12 U.S.C. § 1821(k) preempts state law and requires gross negligence for the RTC to state a claim against them. They conceded in their reply brief, however, that the Tenth Circuit *en banc* had determined that Section 1821(k) does not preempt state laws except those laws which require a higher degree of culpability than gross negligence for officers' and directors' liability for damages in suits brought by the FDIC. *Federal Deposit Insurance Corp. v. Canfield,* 967 F.2d 443 (10th Cir.1992).

*nied* (Okla.1991). Under Oklahoma common law, bank directors and officers are liable for losses which could have been prevented by the exercise of ordinary care. *Id. See also Preston–Thomas Construction, Inc. v. Central Leasing Corp.,* 518 P.2d 1125, 1127 (Okla.App.1973). The Court concludes that these common law duties and consequent liabilities are equally applicable to directors and officers of a state-chartered savings and loan association, *cf. Bradford Securities Processing Services, Inc. v. Plaza Bank and Trust,* 653 P.2d 188, 191 (Okla.1982) ("[I]f the defendant fails to exercise the care that an ordinarily prudent person should have exercised under the circumstances, he is liable for the injuries the plaintiff suffered as a result of such negligence."), and that as of the date this action was filed, and prior to the effective date of Okla.Stat. tit. 6, § 712(C), the RTC, as purchaser and assignee of the claims herein from the receiver of the Duncan Savings and Loan Association, had a vested right created by common law to assert claims against directors and officers of the savings and loan association for breach of duties of good faith and due care. Accordingly, Okla. Stat. tit. 6, § 712(C), as applied herein, is unconstitutional under Okla. Const. Art. 5, § 52. The Court thus finds it unnecessary to address Plaintiff's other arguments.

Defendants' motion for judgment on the pleadings is DENIED.

**IT IS SO ORDERED.**