**Donald MORGAN, Appellant,**

v.

**SOUTHLAND ASSOCIATES,
an Oklahoma General
Partnership, Appellee.**

**Mary Lou LEMIEUX, Appellant,**

v.

**SOUTHLAND ASSOCIATES,
an Oklahoma General
Partnership, Appellee.**

**No. 82398.**

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 13, 1994.

206

David K. Robertson, Tulsa, for appellants.

Phil R. Richards, Nancy J. Siegel, and Richard E. Warzynski, Tulsa, for appellee.

## OPINION

HANSEN, Presiding Judge:

The trial court, on Defendant's motion, dismissed this consolidated action for damages for personal injuries finding both Plaintiffs' petitions failed to state causes of action. Holding the petitions do state causes of action, we reverse.

The two petitions each alleged the plaintiff was at a mall owned by Defendant at the food court. While in the mall, they were suddenly, unexpectedly and without provocation viciously attacked by a group of mall patrons causing them serious injury. The petitions further alleged those patrons had disturbed other mall patrons earlier in the day; that Defendant's security personnel knew or reasonably should have known of the threats and potential threat to mall patrons but negligently failed in their duty to take action for the safety of persons patronizing the mall.

The petitions alleged that at the time of the attack, defendant's security personnel stood by and took no action to deter or prevent the attack. They claimed Defendant was further negligent in the failure to establish proper security policy and to properly train security personnel. The petitions also claimed their injuries were a direct result of the negligent acts and omissions of Defendant's security personnel.

■ A motion to dismiss for failure to state a cause of action should not be sustained unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. On appeal this Court will presume all allegations of the complaint are true. *Bettis v. Brown*, 819 P.2d 1381 (Okla. App.1991).

In *Taylor v. Hynson*, 856 P.2d 278 (Okla. 1993), the issue was whether, as a matter of law, a business has a duty to warn or protect a customer from criminal acts of a third party when the business knows or has reason to know that criminal acts are occurring or about to occur on its premises. The Supreme Court answered in the affirmative. Although the Court held an invitor is not an insurer of the safety of others and is not required to prevent all injury occurring on the property, when the invitor has knowledge that an invitee is in imminent danger, the invitor must act reasonably to prevent injury. It recognized that an employer does not have a general duty to protect against criminal acts of third parties. However, it further recognized an exception to this general rule where unique circumstances can give rise to such a duty.

■ We hold Plaintiffs' petitions state sufficient facts to resist a motion to dismiss. To

hold otherwise would be to find that the rule a business invitor has no duty to protect invitees from criminal acts of third parties is absolute. *Lay v. Dworman*, 732 P.2d 455 (Okla.1986). Herein, Plaintiffs pleaded Defendant's knowledge of possible harm to them from third parties, thus giving rise to a duty on Defendant's part. They plead breach of that duty and damages. The trial court erred in dismissing Plaintiffs' petitions.

Accordingly, we REVERSE and REMAND FOR FURTHER PROCEEDINGS.

GARRETT, Vice Chief Judge, concurring:

I concur. The trial court, in my view, erroneously sustained a motion to dismiss. Whether Appellant's case will withstand a proper motion for summary judgment, after discovery, is not before this Court to decide.

JONES, Judge concurring specially:

I read the petition's averment "that the guards stood by" to be sufficient to allege the guards saw the assault in progress and did nothing which is a sufficient allegation to survive a motion to dismiss. I am authorized to state that GARRETT, V.C.J. concurs in this view.