Robert FOLMAR, individually, Sandra Skaggs, individually, Tobe Folmar, individually, Connie Folmar, individually, Samuel Folmar, individually, and Lanell Folmar, individually, Appellants,

v.

MARRIOTT, INC., a Delaware Corporation; Host Marriott, Inc., a Delaware Corporation; and Marriott Hotel Services, Inc., Appellees.

No. 86832.

Court of Appeals of Oklahoma,
Division No. 3.

April 30, 1996.

Gary B. Homsey, Jerry E. Bryant, Gary B. Homsey and Associates, Oklahoma City, for Appellants.

J. Eric Turner, Kim Daniel Parrish, Derryberry, Quigley, Parrish, Soloman & Blankenship, Oklahoma City, for Appellees.

## OPINION

BUETTNER, Judge:

Around 2:00 a.m. on the morning of November 7, 1993, Appellants Robert, Tobe, and Samuel Folmar left Russells, a lounge located inside the Marriott Hotel in Oklahoma City. In leaving, the men walked through the lobby of the hotel and down a hallway to an east door, and out into the parking lot. As soon as the Folmars were out of the hotel, they were immediately, suddenly and without warning, attacked and injured by unknown assailants. Security guards were on duty at the hotel at the time of the assault, but none of the guards were in the parking lot. Upon being informed a fight was going on outside, a hotel security guard immediately ran to the parking lot but the assailants were gone. The Folmars declined medical assistance offered by Hotel staff, drove to a nearby restaurant, and later sought medical attention from area hospitals. The assailants have never been identified.

The Folmars and their spouses (collectively "Folmars") sued Appellees Marriott, Inc., Host Marriott, Inc., and Marriott Hotel Services, Inc. (collectively "Hotel") under a negligence theory. The trial court sustained Hotel's motion for summary judgment finding no issues of material fact existed. Folmars filed this appeal pursuant to Rule 1.203, Rules of Appellate Procedure in Civil Cases.

Hotel's motion and amended motion for summary judgment argued that, as a business invitor, it owed no duty to protect invitees from criminal acts of third parties unless the invitor knows or has reason to know that the intentional or criminal acts of a third party "are occurring or about to occur." *Taylor v. Hynson*, 856 P.2d 278 (Okla.1993).

 It is uncontroverted that Hotel did not know or have reason to know that the assault was occurring or about to occur. For example, there is no evidence that the assailants were previously in the Hotel lounge, nor were they seen loitering suspiciously in the parking lot. However, Folmars argue that there are certain situations in which an invitor is charged with anticipating and protecting against possible harm.[1] Folmars point out that Oklahoma cases dealing with the duty of care owed to business invitees have considered the Restatement (Second) of

---

1. Appellants rely on *Joyce v. M & M Gas Company*, 672 P.2d 1172 (Okla.1983), a case inapplicable to the instant case but for the quote "there are situations in which a reasonable man is required to anticipate and guard against intentional, even criminal misconduct." The Supreme Court in *Joyce* held that a driver who left his key in the ignition was not negligent and therefore not responsible for injuries occurring when the vehicle was stolen and crashed. *Also see Merchants v. Joe Esco Tire, Co.*, 533 P.2d 601 (Okla. 1975).

Torts, § 344.[2] They focus specifically on that portion of Comment f to § 344 which provides that business invitors may "know or have reason to know, *from past experience,* that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual." Folmars allege Hotel's past experiences gave rise to a duty of care.

The latter portion of Comment f has not been adopted by the Oklahoma Supreme Court. The law in Oklahoma has been for some time that an invitor is generally not under a duty to protect invitees from criminal assaults by third persons. *Davis v. Allied Supermarkets, Inc.,* 547 P.2d 963 (Okla. 1976).[3] A review of Oklahoma Supreme Court cases has found that a duty on the part of proprietors only arises when the situation involved an immediate event which the proprietor knew was occurring or about to occur. For example, in *Taylor, supra,* the manager of a McDonalds restaurant observed three men enter the restaurant and begin harassing and threatening customers with profanity and name calling. The manager asked the men to leave but did not follow up on this request. The manager also did not call police when another customer suggested she do so. The men went outside the restaurant and began making racist comments towards a customer waiting in the drive-through lane. The customer left his car and a fight began. In that case, the trial court granted summary judgment after find-ing McDonalds did not have notice of the third party attack and did not have time to call police. The Supreme Court reversed the grant of summary judgment, finding "a fact dispute whether McDonald's employee Tyson knew that the assault was occurring or was about to occur. There is also a dispute whether, if she had such knowledge, she acted reasonably under the circumstances." 856 P.2d at 281. The Supreme Court limited its analysis to the first portion of Comment f, specifically that portion requiring knowledge that the act of a third party "was occurring or was about to occur." Indeed, the Supreme Court held "(w)hen an invitor has knowledge that an invitee is in *imminent* danger, the invitor must act reasonably to prevent injury." 856 P.2d at 281 (emphasis added).

In *Johnson v. Mid–South Sports, Inc.,* 806 P.2d 1107 (Okla.1991), the Supreme Court found that an usher at a wrestling match, who had earlier called a police officer to deal with rowdy patrons, could not reasonably have foreseen one of those rowdy patrons might return to target another spectator. The Supreme Court indicated that the elapsed time between the rowdy patrons leaving and the attack after the match made the wrestling promoters unaware of any potential attacks. Therefore, despite outbursts from the rowdy fans during the same evening, the Supreme Court implied the threat from third parties must be more immediate—in other words, there must be knowledge the attack is occurring or about to occur.

**2.** § 344. Business Premises Open to Public: Acts of Third Persons or Animals. A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning adequate to enable the visitors to avoid harm, or otherwise to protect them against it.

Comment f. Duty to Police Premises: Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

**3.** The rule has been modified and a duty established in the landlord-tenant area. *Lay v. Dworman,* 732 P.2d 455 (Okla.1986).

In *Davis v. Allied Supermarkets, Inc.*, 547 P.2d 963 (Okla.1976), a case factually similar to the case at hand, an unknown assailant assaulted the plaintiff and snatched her purse while she walked at night in the parking lot of defendant's grocery store. The allegation of negligence in that case was that the grocery store failed to provide adequate lighting and personnel, in particular because the store was in a high crime area. In that case, the Supreme Court refused to hold a business owner liable for criminal acts of third parties, absent special circumstances. The Court referred to an earlier case with a similar holding involving an employer's duty of care towards his employees. *McMillin v. Barton–Robison Convoy, Co.*, 78 P.2d 789 (Okla.1938). *Also see Shelkett v. Hardee's Food Systems, Inc.*, 848 P.2d 63 (Okla.App. 1993)(no duty found where minimal time between verbal statements and attack provided no opportunity to prevent attack); *Edington v. A. & P. Enterprises, Inc.*, 900 P.2d 453 (Okla.App.1994) (duty found where restaurant employees observed suspicious behavior in parking lot, feared some kind of criminal conduct, and invitee was assaulted).

Our review of Supreme Court case law indicates a business invitor will not be liable for intentional or criminal acts of third parties unless the invitor has knowledge the act "is occurring or is about to occur."

In *McMillin*, plaintiff's decedent was murdered at work by robbers intent on stealing an automobile from the employer. Plaintiff claimed the employer breached its duty of furnishing a safe workplace by "establishing its place of business in a community infested with criminals, and which was notorious for the number of crimes committed daily." 78 P.2d at 789. The Court held that employer had no duty to protect employees for criminal conduct asserting:

> We are unable to see that an employer has a general duty to protect his employees from the assaults of criminals. We are likewise unable to see that there are any exceptional circumstances in this case which would give rise to such a duty. To

so find would be tantamount to saying that the Town of Picher is a condemned community. We would be saying, in legal effect, that those who live there and those who engage in business there are not exercising the prudence and judgment of ordinary people. To hold what the plaintiffs want us to hold would result in saying that every business man in the Town of Picher is guilty of negligence toward those he employs and is answerable to them for their damages suffered as the result of the act of some criminal.

78 P.2d at 790–91.

The uncontroverted evidence submitted by the parties indicates Hotel did not know and had no reason to know of an immediate danger to Folmars. Folmars urge, however, that because there had been two assaults in Hotel's parking lot in the past, Hotel should be charged with a duty of care based on past experience. While we note the two prior assaults are factually dissimilar to the instant case, and therefore hardly amount to "past experience" of similar acts, these facts are irrelevant because no material fact issue exists whether Hotel knew or had reason to know the acts of the assailants, in this case, were occurring or were about to occur, as required by Supreme Court precedent.[4] Concluding no issue of material fact exists, we affirm the trial court's grant of summary judgment.

AFFIRMED

ADAMS, V.C.J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Judge (dissenting).

I dissent. The majority holds, as a matter of law, that no duty whatsoever exists on the part of an establishment containing a bar to protect its customers from assaults by others. Perhaps the majority would rule differently if the attack here had occurred inside of the building rather than outside. That question, of course, is for another day.

---

4. Evidence submitted by Folmars opining that Hotel had inadequate security, lighting and monitoring equipment is irrelevant absent a duty.

None of the authority cited in the majority's opinion deals with altercations outside a bar. In my view, athletic events, fast food restaurants and grocery store parking lots are not analogous to hotel bars.

Comment f to § 344 of the Restatement deals specifically with the "likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor *even though he has no reason to expect it on the part of any particular individual.*"

The majority discusses § 344, yet states "[t]he latter portion of Comment f has not been adopted by the Oklahoma Supreme Court." I know of no case which constrains this Court from applying comments to the Restatements, if the facts of a particular case so warrant their application. Moreover, The Court of Appeals previously has seen fit to recognize the latter portion of Comment f in *Shelkett v. Hardee's Food Systems,* 848 P.2d 63 (Okla.App.1993). Therein, Judge Adams, writing for the Court, affirmed the fast food restaurant's motion for summary judgment, holding the restaurant was not liable for a violent act by a third person which was not reasonably foreseeable. It found "[t]here is nothing in the record which shows that based on 'past experience' or because of the 'character of [Hardee's] business,' Hardee's knew or should have known of a likelihood of harmful conduct by third persons which could compromise the safety of its patrons."[1] Such is not the case here.

As the majority points out, there is evidence of at least two other previous assaults in the parking lot. However, the majority reasons that because the assaults were factually dissimilar, they do not amount to "past experience." Yet the assaults occurred in the parking lot, as did the assaults in this case. Additionally, one of the security guards on duty the night of the attack[2] stated in his deposition that most "incidents" dealing with security occur at Russells between 12:00 midnight and 2:00 a.m. on the weekends, and that it was common to have altercations between patrons leaving Russells at closing time.

The majority misses the point when it claims these facts are "irrelevant because no material fact issue exists whether Hotel knew or had reason to know the acts of the assailants, in this case, were occurring or were about to occur, as required by Supreme Court precedent." The threshold question is whether the harmful acts were foreseeable. Here, the acts certainly could be foreseeable, thus giving rise to a duty to the Folmars.

The majority's reasoning that a duty arises only when the situation involves an immediate event which the proprietor knew was occurring or about to occur is too narrow, if there is evidence tending to demonstrate the place or character of the possessor's business or his past experience is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time. To say Hotel has no duty whatsoever is not substantiated by Oklahoma law.

It is a question of fact as to whether the harmful acts of the unknown assailants were foreseeable, which would then give rise to a duty to the Folmars. Foreseeability becomes a question of law for the Court when only one reasonable conclusion can be drawn from the facts. *Bradford Securities v. Plaza Bank and Trust,* 653 P.2d 188 (Okla.1982). Clearly, that is not the case under these facts. Because there is a substantial controversy regarding a material fact, the trial court erred in sustaining Defendant's motion for summary judgment. I would reverse and remand for trial.

---

**1.** In *Shelkett,* at 67, *supra,* Judge Adams pointed out that in *Johnson v. Mid–South Sports, Inc.,* 806 P.2d 1107 (Okla.1991), "[t]he nature of Mid–South's business and the fact that alcoholic beverages were sold and consumed on the premises, made the possibility of negligent or intentional misconduct reasonably foreseeable," thus distinguishing it from Hardees' business.

**2.** No security guard was on duty in the parking lot that evening. This in itself creates a question of fact regarding whether Hotel breached a duty.