F I L E D
United States Court of Appeals
Tenth Circuit

February 9, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TIMOTHY S. THERRIEN,
an individual,

        Plaintiff-Appellant,

v.

TARGET CORPORATION,
a Minnesota corporation,

        Defendant-Appellee.

No. 06-5110
(D.C. No. 06-CV-217-JHP-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **McKAY**, and **BRORBY**, Circuit Judges.

Timothy S. Therrien was shopping at a Target store when a Target

loss-prevention employee confronted a suspected shoplifter. The Target

employee and the suspect became involved in a physical confrontation. When the

suspect began to overwhelm the employee, the employee called out to bystanders

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for help, and Mr. Therrien responded. During the ensuing struggle, the suspect stabbed and injured Mr. Therrien.

Alleging various theories of negligence, Mr. Therrien filed suit against Target Corporation in Oklahoma state court. Target removed the case to federal district court and moved under Fed. R. Civ. P. 12(b)(6) for dismissal of the complaint. The district court granted Target's motion, and Mr. Therrien appeals. We have jurisdiction under 28 U.S.C. § 1291, and we REVERSE and REMAND for further proceedings.

## I. Standard of Review

We review de novo a district court's Rule 12(b)(6) dismissal of a complaint for failure to state a claim for relief. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). We take all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Id.* "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [his] claims." *Ruiz*, 299 F.3d at 1181. Because this is a diversity case, we apply federal law to procedural questions, but state law to the analysis of the underlying claims. *Haberman v. The Hartford Ins. Group*, 443 F.3d 1257, 1264 (10th Cir. 2006).

## II. Analysis

Mr. Therrien argues that he set forth at least five distinct claims: (1) negligent provision of store security; (2) negligent training and supervision; (3) negligent handling of the situation with the suspect leading to the physical altercation; (4) negligently requesting assistance and directing such assistance from bystanders; and (5) liability under the rescue doctrine. To proceed with a claim of negligence under Oklahoma law, Mr. Therrien must establish that (1) Target owed him a duty to protect him from injury; (2) Target failed properly to perform its duty; and (3) he suffered injuries that were proximately caused by Target's breach of its duty. *See Jackson v. Jones*, 907 P.2d 1067, 1071-72 (Okla. 1995).

### A. Oklahoma Landowner Liability for Criminal Attacks

The primary issue is whether Target owed Mr. Therrien a duty to protect him from injury from a criminal attack by a third party. Mr. Therrien contends that, under Oklahoma law, Target has a duty to use reasonable care to prevent a criminal attack when it knows that the attack is occurring or is about to occur. *See Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993).

Oklahoma premises liability law classifies Mr. Therrien as an invitee. *See id.* ("It is well established that a person who goes on land to conduct business is a business invitee for the purposes of establishing liability."). A business generally does not have a duty to protect an invitee from criminal attacks by third

persons. *Id.* Oklahoma, however, has recognized such a duty in "unique circumstances." *Id.* An invitor's knowledge "that the acts of the third person are occurring, or are about to occur" may constitute such circumstances. *Id.* at 281-82 (quotation omitted). Thus, Oklahoma law recognizes that, "[w]hen an invitor has knowledge that an invitee is in imminent danger, the invitor must act reasonably to prevent injury." *Id.* at 281.

In *Morgan v. Southland Associates*, 883 P.2d 205, 206 (Okla. Civ. App. 1994), a case involving a criminal attack on plaintiff at a mall food court, the Oklahoma Court of Civil Appeals reversed the trial court's dismissal of plaintiff's petitions. After describing *Taylor*'s teachings, the court stated that because plaintiff had pleaded defendant's knowledge of the attack, which would give rise to a duty on defendant's part, as well as breach of the duty and damages, the trial court had erred in dismissing the petitions for failure to state a claim. *Id.* at 207. "To hold otherwise would be to find that the rule a business invitor has no duty to protect invitees from criminal acts of third parties is absolute." *Id.* at 206-07.

Similarly, Mr. Therrien pleaded that Target was aware that a criminal act was imminent or occurring, so that Target had a duty to use reasonable care to prevent the suspect from harming Mr. Therrien; that Target breached its duty; and that Mr. Therrien suffered harm as a "direct and proximate result" of Target's breach. Aplt. App. at 7-9. As in *Morgan*, these allegations are sufficient to state a claim under *Taylor*.

Target urges us to decide that the fight between the Target employee and the suspect was an open and obvious condition and that Mr. Therrien had knowledge equal to Target of the unsafe condition, so that Target owed Mr. Therrien no duty of care. *See, e.g.*, *Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 245 (Okla. 2005) ("There is no duty to warn the invitee of any defect or danger which is as well-known to the invitee as to the owner or occupant or which is obvious or which should be observed by the invitee in the exercise of ordinary care."); *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1084 (Okla. 1997) ("Even *vis-a-vis* an invitee, to whom a landowner owes the highest duty . . ., the law does not require that the landowner protect the invitee against dangers which are so apparent and readily observable that one would reasonably expect them to be discovered."). But since *Taylor*, Oklahoma's premises liability cases involving criminal attacks focus on the invitor's knowledge of criminal activity; they do not appear to incorporate the "open and obvious danger" analysis found in physical-defects cases. *See, e.g.*, *Taylor*, 856 P.2d at 281-82; *Rogers v. Burger King Corp.*, 82 P.3d 116, 122-23 (Okla. Civ. App. 2003); *Young v. Bob Howard Auto., Inc.*, 52 P.3d 1045, 1048-49 (Okla. Civ. App. 2002); *McClure v. Group K Enters., Inc.*, 977 P.2d 1148, 1150-51 (Okla. Civ. App. 1999); *Folmar v. Marriott, Inc.*, 918 P.2d 86, 87-89 (Okla. Civ. App. 1996); *Edington v. A & P Enters., Inc.*, 900 P.2d 453, 455 (Okla. Civ. App. 1994); *Morgan*, 883 P.2d at 206-07; *see also Wells v. Boston Ave. Realty*, 125 F.3d 1335, 1340 (10th Cir. 1997) ("Plaintiff has

cited no cases that support treating a criminal assault as a 'defect' creating premises liability.").  In any event, whether or not a particular condition is open and obvious generally requires an examination of all of the circumstances.  *Zagal v. Truckstops Corp. of Am.*, 948 P.2d 273, 275 (Okla. 1997).  Thus, we decline to hold, at this initial stage of the proceedings, that the "open and obvious danger" rule necessarily bars Mr. Therrien's claim as a matter of law.

Target also argues that Mr. Therrien's "attempt to create five distinct claims is contrary to law."  Aplee. Br. at 9.  We agree that four of Mr. Therrien's five claims (the exception being the negligent training and supervision claim) appear to stem from *Taylor*, rather than stating separate bases for recovery.  But in light of the limited record before this court, we will let the district court evaluate each of Mr. Therrien's claims in the first instance to determine whether each should proceed separately.

## B.  Negligent Training and Supervision

Mr. Therrien also alleges that Target was negligent in its training and supervision of the loss prevention employee.  This claim invokes a recognized basis for recovery in Oklahoma:  "[e]mployers may be held liable for negligence in hiring, supervising or retaining an employee."  *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999); *see also Morgan*, 883 P.2d at 206-07 (reversing dismissal of petition that included claims of negligent training).  Negligent hiring and supervision is a separate theory of recovery based on the

employer's direct negligence, rather than liability under the doctrine of *respondeat superior*. *N.H.*, 998 P.2d at 600. In Oklahoma, this claim is only available if an employer's vicarious liability is not established. *Id.* Consequently, while Mr. Therrien has stated a claim sufficient to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss on this issue, how far this claim can proceed will depend on the evidence before the district court during further proceedings.

## III.

The judgment of the district court is REVERSED and the case is REMANDED for further proceedings in the district court.

Entered for the Court


Monroe G. McKay
Circuit Judge