2008 OK 51

**Monica Lynn BRAY and Ralph Bray, Plaintiffs/Appellants,**

v.

**ST. JOHN HEALTH SYSTEM, INC., and St. John Medical Center, Inc., Defendants/Appellees,**

and

**Michael McWhirt, Defendant.**

No. 103839.

Supreme Court of Oklahoma.

May 27, 2008.

Rehearing Denied June 30, 2008.

Jerry Williams, Sara A. Cherry, Balogh, Cherry, Mitchell & Williams, Tulsa, OK, for Plaintiffs/Appellants.

G. Michael Lewis, N. Lance Bryan, Doerner, Saunders, Daniel & Anderson, L.L.P., Tulsa, OK, for Defendants/Appellees.

COLBERT, J.

¶1 This matter examines the duty of a landowner to provide reasonable protection from crimes against a business invitee. Certiorari review was granted to resolve a conflict between divisions III and IV of the Court of Civil Appeals. Today, this Court resolves that conflict and applies the applicable rule of law. In doing so, this Court concludes the defendant landowner was not entitled to summary judgment. Therefore, the opinion of the Court of Civil Appeals is

vacated and the summary judgment of the trial court is reversed.

## FACTS AND PROCEDURAL HISTORY

¶2 Monica Bray is a nurse who was employed by a service and assigned to St. John Hospital in Tulsa, Oklahoma. One morning she arrived for work and parked in the St. John parking garage. There, she was kidnapped at knife point, driven to another location in the assailant's van, and raped. The assailant, defendant Michael McWhirt, was arrested and eventually convicted for these actions.

¶3 The St. John parking garage is continually monitored by a security guard who watches thirty monitors which display images generated by video cameras located throughout the hospital complex, including one monitor for cameras located in the parking garage. On the day of the abduction, video cameras captured images of the assailant's van circling the parking garage with duct tape obscuring its tag. However, this was not observed by the security guard and no camera recorded the actual abduction.

¶4 Bray and her husband (Plaintiffs) brought this action for common law negligence against St. John Health System, Inc., and St. John Medical Center, Inc. (collectively St. John). They also named the criminal assailant, Michael McWhirt, as a defendant.

¶5 The trial court granted summary judgment to St. John without stating the legal basis for its decision.[1] The argument at the hearing on St. John's motion for summary judgment, however, indicates that the trial court rejected Plaintiffs' argument that the past criminal activity at the St. John parking garage was such that St. John should reasonably anticipate criminal activity and afford reasonable protection against it. The Court of Civil Appeals affirmed, holding that Oklahoma law does not impose that duty on a landowner.

1. After the trial court granted summary judgment to St. John, Plaintiffs dismissed defendant

## ANALYSIS

¶6 Duty is the threshold question in any negligence action. *See Lay v. Dworman*, 1986 OK 85, ¶¶5 & 6, 732 P.2d 455, 457. The existence of a duty presents a question of law. *Delbrel v. Doenges Bros. Ford, Inc.*, 1996 OK 36, ¶7, 913 P.2d 1318, 1320. Questions of law are reviewed de novo. *Kluver v. Weatherford Hosp. Auth.*, 1993 OK 85, ¶14, 859 P.2d 1081, 1084. "If it appears to the court that there is no substantial controversy as to the material facts and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment for said party." Rules for Dist. Cts., Okla. Stat. tit. 12, ch. 2, app., Rule 13(e) (Supp. 2007). All inferences to be drawn from the evidentiary materials submitted by the parties must be viewed in the light most favorable to the opposing party. *Ind. Nat'l Bank v. State Dep't Of Human Servs.*, 1993 OK 101, ¶10, 857 P.2d 53, 60.

¶7 Each side in this dispute over the landowner's duty acknowledges the rape victim's status as an invitee. Section 344 of the Restatement (Second) of Torts explains the duty of a business owner to members of the public for the acts of third persons or animals. It provides:

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

(a) discover that such acts are being done or are likely to be done, or

(b) give a warning adequate to enable visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965). Comment f to section 344 explains that "[s]ince the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has

McWhirt from the action without prejudice.

reason to know that the acts of the third person are occurring, or are about to occur." [2]

¶ 8 This first portion of comment f was the rule this court applied in *Taylor v. Hynson*, 1993 OK 93, 856 P.2d 278. There, the African–American plaintiff alleged that McDonald's employees observed white supremacists attack him in the drive-through of the restaurant. Yet, the manager, who also observed the attack, delayed calling the police. This Court applied only the first portion of comment f because it demonstrated the error in the trial court's summary judgment for McDonald's when there was a dispute as to whether the employees "knew that the assault was occurring or about to occur." *Id.* ¶ 18, 856 P.2d at 281.

¶ 9 In *Taylor*, there was no need to discuss or apply the remainder of comment f which provides:

> [The possessor] may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

It was the lack of a need in *Taylor* to discuss all of comment f which led to divergent cases from divisions III and IV of the Court of Civil Appeals.

¶ 10 In *Folmar v. Marriott, Inc.*, 1996 OK CIV APP 51, 918 P.2d 86, and *Rogers v. Burger King Corp.*, 2003 OK CIV APP 108, 82 P.3d 116, division III stated that the latter portion of comment f had not been adopted by the Oklahoma Supreme Court.[3] Similarly, division III refused to apply that portion of comment f to this matter. It appears that division III based its statement on *Taylor's* lack of discussion of the latter portion of comment f.

¶ 11 In contrast to the approach of division III, division IV applied all of comment f in *McClure v. Group K Enterprises*, 1999 OK CIV APP 29, 977 P.2d 1148. It upheld a jury's award of damages noting that the plaintiff, a patron injured at defendant's country dance club, had presented "evidence that many assaults had been reported at the establishment" and that the defendant had failed to exercise reasonable care to prevent her assault because it provided "inadequate security." *Id.* ¶ 9, 977 P.2d at 1151.

¶ 12 Because certiorari review was not sought in *Folmar, Rogers*, or *McClure*, this matter presents this Court's first opportunity to express this Court's application of all of comment f. *Taylor's* lack of discussion of the full text of comment f, however, should not have led to the conclusion that this Court would not apply it to the appropriate facts. This Court's application of the first portion of comment f to the facts in *Taylor* did not express or imply a rejection of the remainder. The latter portion of comment f will be applied when the facts so warrant. *Folmar*

---

2. The full text of comment f to section 344 provides:

> *Duty to police premises.* Since the possessor is not an insurer of the visitor's safety, he is ordinarily under no duty to exercise any care until he knows or has reason to know that the acts of the third person are occurring, or are about to occur. He may, however, know or have reason to know, from past experience, that there is a likelihood of conduct on the part of third persons in general which is likely to endanger the safety of the visitor, even though he has no reason to expect it on the part of any particular individual. If the place or character of his business, or his past experience, is such that he should reasonably anticipate careless

or criminal conduct on the part of third persons, either generally or at some particular time, he may be under a duty to take precautions against it, and to provide a reasonably sufficient number of servants to afford a reasonable protection.

Restatement (Second) of Torts § 344 cmt. f (1965).

3. The dissenting judge in *Folmar v. Marriott, Inc.*, rejected that conclusion stating: "I know of no case which constrains this Court from applying comments to the Restatements, if the facts of a particular case so warrant their application." 1996 OK CIV APP 51, ¶ 4, 918 P.2d 86, 90 (Hansen, J., dissenting).

and *Rogers*, which held that the latter portion of comment f does not state the law in Oklahoma, are specifically disapproved.

¶ 13 Because all of comment f applies to the facts presented below, this Court must inquire whether evidence was presented to establish that St. John knew or had reason to know from past experience that it should reasonably anticipate criminal conduct in its parking garage. The evidentiary materials attached to Plaintiffs' response to the motion for summary judgment demonstrate St. John's knowledge of several incidents occurring in St. John's parking lots or garages during 2003, the year preceding Plaintiff's abduction and rape. These include assault, battery, abduction, robbery by force, and/or armed robbery. Thus, the place and character of St. John's parking garage and St. John's past experience with a high rate of crime on its property gave rise to a duty to provide adequate precautions against criminal activity in its parking garage.

¶ 14 A question of fact arises as to whether the precautions St. John undertook were adequate to provide reasonable protection to its business invitees. St. John maintained continuous security monitoring to further its policy of "providing a secure environment, reasonably free from fear of crime and loss of property for patients, visitors and staff." Despite that policy, St. John had only one monitor dedicated to images of its parking garage at the time the assailant circled the parking garage unnoticed with his tag obscured by duct tape. Such facts create a reasonable inference that St. John may have breached the duty of care that arose from its knowledge of past criminal activity in its parking garage by failing to provide reasonable protection. Therefore, summary judgment for St. John was improper and the issue of a breach of duty is for the trier of fact.

CONCUR: EDMONDSON, V.C.J.; KAUGER, WATT, COLBERT, REIF, JJ.

DISSENT: WINCHESTER, C.J.; HARGRAVE, OPALA, TAYLOR, JJ.