FILED
United States Court of Appeals
Tenth Circuit

December 8, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHELBY SULLIVAN; CARL SMITH, spouse of Shelby Sullivan,

    Plaintiffs-Appellants,

and

CASSANDRA LEE; JOY MAYBERRY,

    Plaintiffs,

v.

WYNDHAM HOTELS & RESORTS, INC.; DAYS INN WORLDWIDE, INC.,

    Defendants-Appellees,

and

RUPAM GANDHI; MANAV INVESTMENTS, LLC; CLAUDIA PALLIYO, INC.,

    Defendants.

No. 21-7003

(D.C. No. 6:19-CV-00204-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HOLMES**, **BALDOCK,** and **BACHARACH**, Circuit Judges.[**]

The question before us is whether the district court properly decided that Plaintiff Shelby Sullivan's pendent state law claim for negligent misrepresentation against Defendants Wyndham Hotels and Resorts and Days Inn Worldwide (collectively "Wyndham") failed to state a cause of action under Oklahoma law.[1] Our jurisdiction arises under 28 U.S.C. § 1291.  Reviewing the district court's decision de novo, *see VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021), we summarily affirm.

I.

Defendant Wyndham is the franchisor of the Days Inn motel located in Tahlequah, Oklahoma, and operated by Manav Investments, the franchisee.  Rupam Gandhi is the owner of Manav Investments.  Plaintiff Sullivan was an employee of the Days Inn during the relevant time frame.  In the Second Amended Complaint, Sullivan and others alleged six sexual harassment claims arising under Title VII and Oklahoma state law.  The fourth claim, the only claim at issue on appeal (the

---

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1] Days Inn Worldwide, Inc. is a wholly owned subsidiary of Wyndham Hotel Group, LLC.  The latter is a wholly owned subsidiary of Wyndham Hotels & Resorts, Inc.

remaining claims having been dismissed with prejudice), alleged that Wyndham breached a duty owed Sullivan under state law (1) to provide a human resources solution sufficient to stop Gandhi from sexually harassing her, or (2) to inform her that Wyndham had no ability to stop Gandhi's sexual harassment and advise her who did. The complaint sets forth the following facts in support of Sullivan's fourth claim for relief.[2] *See VDARE Found.*, 11 F.4th at 1158 (setting forth the standards governing a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

Plaintiff Sullivan began working at the Days Inn in Tahlequah in December 2017. In January 2019, she attended a "franchisor inspection" meeting in the breakfast room of the motel. Gandhi, his wife Pinky, and John Castro, the representative of Defendant Wyndham, were also at the meeting. During the meeting, another Days Inn employee, Amanda Poole, answered a business call for Sullivan. Sullivan left the meeting to take the call but needed Gandhi's help to respond. As Gandhi walked with Sullivan towards the front desk, he placed his hand on the center of her back and moved it down to grab her behind. Sullivan tried to move away from Gandhi but he pulled her closer to him. Poole witnessed the incident. Sullivan's "eyes got 'really big.'" Poole asked Sullivan if she was ok. Sullivan appeared "shocked and confused." After the call, Gandhi returned to the

---

[2] Plaintiff Carl Smith, Sullivan's husband, joined her claim, alleging Wyndham's negligence caused him a loss of consortium.

meeting. Sullivan did not return until the time arrived for her to sign some papers and clock out. At this point, Sullivan "reported what Gandhi just did to John Castro . . . and asked him what she should do. He told her that she should not have 'acted so friendly.'" Sullivan says she reported Gandhi's conduct to Castro because it happened in front of Castro, a representative of Wyndham, in the breakfast room where Castro was present. The next day, Sullivan returned to work at Days Inn. When Gandhi persisted in trying to touch and kiss her, Sullivan ended her employment.

II.

Plaintiff Sullivan's legal theory in support of her Oklahoma state law negligent misrepresentation claim against Defendant Wyndham is just this:

> This conduct by Castro caused Sullivan to mistakenly believe that (1) Wyndham . . . could exert disciplinary control over Gandhi and (2) [it] refused to do so because the assault was her fault for "acting too friendly." Neither of these were true. . . . Wyndham . . . in fact had no control over Gandhi, and as such, [it] could do nothing. Unfortunately, Sullivan relied upon Castro's misrepresentations to her detriment. She returned to her job the next day and Gandhi assaulted her again. Then she quit, realizing there was nothing . . . Wyndham . . . could or would do to stop Gandhi.
>
> * * *
>
> Sullivan had a right to be correctly informed of the facts about who could help her with her sexual assault complaint, where Wyndham had vastly superior knowledge of the franchisor-franchisee structure. Castro's misrepresentations that he was the proper party to handle her complaint in order to bury her complaint was a clear violation of this duty. Castro had a duty to redirect Sullivan to where she could get help to the best of his knowledge, or at least tell her truthfully that he could not help her.

4

Aplts'. Op. Br. at 3, 12. In sum, Sullivan asserts her alleged facts establish Wyndham undertook and breached a duty to inform her it had no duty to assist her, thereby proximately causing her damage.

Neither Plaintiff Sullivan's opening nor reply brief provides us with a clear statement of the elements of the tort of negligent misrepresentation in Oklahoma, and we have independently been unable to locate such a statement from any Oklahoma state court. The best statement we have found appears in the federal district court's decision (cited cursorily without objection by Sullivan) in *Southcrest, L.L.C., v. Bovis Lend Lease, Inc.*, 2011 WL 3881495, at *6 (N.D. Okla. 2011) (unpublished): "The court interprets a claim for negligent misrepresentation . . . in Oklahoma to require: [1] a material misrepresentation by defendant made in the course of its business; [2] defendant's breach of a duty . . . in making the misrepresentation; [3] and reasonable reliance by the plaintiff, to [her] detriment, on the actions or words of the defendant."

Plaintiff Sullivan's fourth claim for relief suffers from multiple defects. Because "[d]uty is the threshold question in any negligence action," we consider it first. *Bray v. St. John Health Sys., Inc.*, 187 P.3d 721, 723 (Okla. 2008). The question of whether a duty exists is one of law. *Id.* At this point suffice it to say no Oklahoma court, or any court to our knowledge, has ever held what Sullivan asks us to hold: That a franchisor's sale of franchise rights to a franchise owner, i.e., the

5

franchisee, standing alone, places a duty upon the franchisor to protect an employee of the franchisee by providing, when called upon to do so, the employee with accurate legal advice or correct factual information about how to resolve the franchisee's alleged wrongdoing.  Sullivan simply has not alleged any facts in light of Oklahoma law to establish that Wyndham owed her the duty she now claims.

Plaintiff Sullivan makes much of her allegation that when she asked Castro, the franchisor's representative, what to do about Gandhi's alleged harassment, he told her she should not have "acted so friendly."  Her claim, however, that Castro's response constituted a material misrepresentation on which she reasonably relied when returning to work the next day proves too much.  To be sure, we have recognized that "Oklahoma has followed the rule that one who has no duty to speak, but makes a disclosure nevertheless, undertakes to speak truthfully." *MSA Tubular Prod. Inc. v. First Bank & Trust Co.*, 869 F.2d 1422, 1424 (10th Cir. 1989).  But Castro, unaware of Gandhi's alleged ongoing harassment of Sullivan, did not purport to provide Sullivan with any factual information or tell her the truth based upon one isolated incident.  Castro's statement, while certainly ill-advised, was not an actionable statement or material misrepresentation of fact.  Rather, Castro provided an opinion upon which no reasonable person cognizant of all the surrounding circumstances would rely to her detriment.  *See id.* (negligent misrepresentation under Oklahoma law requires a plaintiff to show a material misrepresentation of fact

6

on which she reasonably relied). Indeed, the complaint tells us that when another Days Inn employee approached Sullivan about Gandhi's harassment, Sullivan told her to contact the police. Such an allegation illustrates Sullivan's knowledge of the condemnable nature of Gandhi's purported misconduct and one avenue to address it.

We need not belabor the point. The judgment of the district court is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge