Tina KASTNING, et al., Appellants,

v.

MELVIN SIMON & ASSOCIATES,
INC., et al., Appellees.

No. 78664.

Supreme Court of Oklahoma.

June 21, 1994.

Carr and Carr by Patrick E. Carr and Sidney A. Martin, II, Tulsa, for appellants.

Secrest & Hill by James K. Secrest, II, Roger N. Butler, Jr. and George Gibbs, Tulsa, for appellees.

HODGES, Chief Justice.

■ This appeal is from the trial court's summary judgment in favor of Defendant shopping mall. Plaintiff was injured when she slipped and fell in a public restroom at the mall. Because the shopping mall was entitled to judgment as a matter of law, the trial court's summary judgment is affirmed.

There is no dispute concerning what happened to Plaintiff. Shortly after arriving at the mall, she began suffering from diarrhea. When she entered the restroom, all the stalls were occupied except the handicapped stall. As she entered that stall, she saw a four to five foot wide puddle of water on the floor. She had to step through the puddle to reach the toilet.

Plaintiff successfully reached the toilet. When she got up from the toilet she thought she could see a dry spot on the floor. As she took a step to reach the spot, however, she fell and was injured.

Plaintiff then sued the mall for failing to warn her of the puddle and for failing to keep the floor dry. The mall moved for summary judgment arguing that there is no duty on the part of a landowner to warn of an open and obvious danger. The trial court granted the defendant's motion for summary judgment.

On appeal, Plaintiff argues that "a substantial controversy exists as to the negligence of the [mall]." She argues that there is really no difference in saying that the mall owed Plaintiff no duty to warn of an open and obvious puddle than in saying that Plaintiff assumed the risk of walking through the puddle. She then concludes that since the two statements are really the same, the issue should be treated as one of assumption of

risk and that she should receive a jury trial as required by article 23, section 6, of the Oklahoma Constitution.

■■■ Plaintiff's argument fails to recognize that the defense of assumption of risk comes into play only when the elements of negligence are present. This includes the element of duty. It is well established that a landowner has has no duty to warn of dangers that are open and obvious. *Nicholson v. Tacker*, 512 P.2d 156, 158 (Okla.1973). Therefore, the mall owed Plaintiff no duty to warn of the puddle if it was open and obvious.

In fact, Plaintiff argues that "a jury could conclude that the water on the floor was not an 'open and obvious' danger under the circumstances." This· argument is curious in light of the fact that plaintiff stated in deposition testimony that she saw the puddle and was cautious in attempting to leave the stall.

In support of her argument that the puddle could be considered a hidden danger, Plaintiff cites *Jack Healey Linen Service Co. v. Travis*, 434 P.2d 924 (Okla.1967). There, the plaintiff, an invitee, slipped and fell in the washroom of the defendant's laundry plant. The plaintiff knew the floor of the room was always damp. But on this occasion, the floor was covered with standing water mixed with starch and soap ejected from two machines.

This Court noted that "[s]he could not see the water until after she had stepped into it." *Id.* at 927. Further, the evidence implied that the starch and soap gave the water a "deceptively innocent appearance" making the water a hidden danger. *Id.* at 928.

Here, nothing hid the standing water from the Plaintiff. Nothing gave the puddle a "deceptively innocent appearance." The mall was under no duty to warn Plaintiff of the open and obvious hazard presented by the puddle in front of the toilet. The trial court was correct in holding that the mall was entitled to judgment as a matter of law.

AFFIRMED.

LAVENDER, V.C.J., and SIMMS, HARGRAVE and WATT, JJ., concur.

OPALA, J., concur in judgment.

KAUGER, J., concur in result.

ALMA WILSON and SUMMERS, JJ., dissent.