ELDRIDGE v. KAVON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ELDRIDGE v. KAVON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ELDRIDGE v. KAVON
2019 OK CIV APP 45
Case Number: 117911
Decided: 07/09/2019
Mandate Issued: 08/07/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 45, __ P.3d __

 


DAVID S. ELDRIDGE, Plaintiff/Appellant,
v.
KAVON, LLC, Defendant/Appellee.
APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA
HONORABLE THOMAS E. PRINCE, JUDGE
AFFIRMED
David S. Eldridge, Oklahoma City, Oklahoma, Pro Se,
C. Todd Ward, Brion B. Hitt, FENTON, FENTON, SMITH, RENEAU & MOON, Oklahoma City, Oklahoma, for Defendant/Appellee.
Kenneth L. Buettner, Judge:
¶1 Plaintiff David Eldridge (Eldridge) appeals from the trial court's grant of summary judgment in favor of Defendant Kavon LLC (Kavon). Eldridge brought claims of breach of contract and violation of the Oklahoma Consumer Protection Act for Kavon's refusal to serve Eldridge at a Chick-Fil-A restaurant at which Eldridge had purchased a "Cow Calendar" containing coupons for the purchase of food. Kavon moved for summary judgment, alleging Eldridge had prevented performance of the contract and had not demonstrated damages as a result of the breach. The trial court granted Kavon's motion. Eldridge appeals. We affirm.
¶2 Eldridge purchased an $8 Cow Calendar at a Chick-fil-A restaurant in Oklahoma City operated and franchised by Kavon. The Cow Calendar included an offer for the registration of a "Cow Calendar Card," which gives users access to special offers each month, the total benefit of which is $96 for the calendar year. The Card may be used at any participating Chick-fil-A restaurant across the country. There are approximately thirteen Chick-fil-A restaurants in the Oklahoma City metro area.
¶3 Eldridge often frequented the Chick-fil-A location operated by Kavon, allegedly for hours at a time. Kavon alleges that Eldridge became inappropriate in his interactions with guests and restaurant staff, resulting in Kavon requesting that Eldridge not return to that particular Chick-fil-A location. When Eldridge did return, Kavon again requested that he leave. Eldridge filed suit against Kavon, alleging breach of contract and violation of consumer protection laws.
¶4 At trial, Kavon moved for summary judgment, arguing it was entitled to judgment as a matter of law because (1) Eldridge prevented Kavon's performance of the contract by behaving in an inappropriate manner; and (2) Eldridge could not demonstrate damages because he was not restricted from using his Cow Calendar Card at other Chick-fil-A locations. The trial court granted Kavon's motion. Eldridge appeals.
¶5 On appeal, Eldridge asserts that the trial court erred by granting summary judgment on his breach of contract and consumer protection claims.
[1] A trial court should grant summary judgment where there is no dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Wood v. Mercedes-Benz of Okla. City, 2014 OK 68, ¶ 4, 336 P.3d 457. The trial court should view all facts and inferences in the light most favorable to the non-moving party. Id. Summary judgment is not appropriate where reasonable persons might reach different conclusions based upon the undisputed evidence. Id. "In attempting to show the existence of a question that must be tried, the party may not rely on bald contentions that facts exist to defeat the motion." Okla. Dep't of Sec. ex rel. Faught v. Wilcox, 2011 OK 82, ¶ 19, 267 P.3d 106 (citing Roberson v. Waltner, 2005 OK CIV APP 15¶ 8, 108 P.3d 567). The standard of review for a grant of summary judgment is de novo. Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051. "Under the de novo standard, this Court is afforded 'plenary, independent, and non-deferential authority to examine the issues presented.'" Wood, 2014 OK 68, ¶ 4, 336 P.3d 457 (citing Harmon v. Cradduck, 2012 OK 80, ¶ 10, 286 P.3d 643).
¶6 In this case, the parties do not dispute the existence of a contract based upon Kavon's sale of a Cow Calendar to Eldridge and his subsequent registration for a Cow Calendar Card, nor do they dispute that Kavon refused service to Eldridge. Instead, the important legal determinations to be made are whether Kavon was excused from performance and whether Eldridge suffered damages. In order to maintain a breach of contract action, a party must demonstrate (1) the existence of a contract, (2) failure of a party to perform its contractual duty, and (3) damages suffered as a result of the breach. Dig. Design Grp., Inc. v. Info. Builders, Inc., 2001 OK 21, ¶ 33, 24 P.3d 834. Performance of a contract may be excused where one party prevents the other party's performance. Allen v. State ex rel. Bd. of Trs. of Okla. Unif. Ret. Syst. For Justices & Judges, 1988 OK 99, ¶ 14, 769 P.2d 1302.
¶7 Kavon alleges it was prevented from performing its duty of offering Eldridge the Cow Calendar Card special offers because Eldridge behaved in an inappropriate manner at the restaurant, resulting in his exclusion from that particular Chick-fil-A location. In so arguing, Kavon cites to Chilton v. Oklahoma Tire & Supply Co., 1937 OK 168, 67 P.2d 27, in which the defendant, a refrigerator servicer, was prevented from performing his contractual duties as a result of the plaintiff, a refrigerator salesman, complaining to the state refrigerator distributor and causing the plaintiff to no longer be a designated servicer. There, the Supreme Court excused defendant's nonperformance because he had been prevented from performing his contractual duties by plaintiff's own actions. Id.
¶8 It is generally true that the owner of real property has "the right to exclude other members of society from any present occupation of the land." 3 C.J.S. Property § 45. Except as prohibited by anti-discrimination laws, business owners in most states have the common law right to refuse business for any reason or no reason. See, e.g., Feldt v. Marriott Corp., 322 A.2d 913, 915 (D.C. 1974) ("[A] restaurant owner had the right to arbitrarily refuse service to any guest."). Logically, one reason a business owner might refuse service to a customer would be that customer's disruption of the business environment. Here, Kavon alleges that Eldridge behaved in a manner that was offensive to restaurant employees and patrons. Thus, Eldridge's exclusion from the restaurant was self-inflicted as a result of his continued inappropriate behavior. Where it would be unreasonable to require Kavon to allow Eldridge to remain on restaurant premises while Eldridge persisted in his disruptive behavior, we conclude that Kavon was rendered unable to honor Eldridge's requests to benefit from the Cow Calendar Card coupons because of Eldridge's own behavior. A breach of contract is excused where the breaching party was prevented from performing as a result of the other party's conduct. Therefore, Kavon's breach by failing to continue to honor Eldridge's requests to benefit from the Cow Calendar discounts is excused.
¶9 As an alternate defense theory, Kavon also argued that Eldridge could not demonstrate damages resulting from the breach of contract because Eldridge was free to use his Cow Calendar Card at any of the other thirteen Chick-fil-A restaurants in the Oklahoma City metro area. In response, Eldridge alleged he was unable to visit the other locations because he did not own a vehicle. We agree with Kavon and note that the availability of public transportation in Oklahoma City--including buses, taxis, and ride sharing programs--renders Eldridge's argument regarding lack of transportation ineffective.
[2] Eldridge otherwise fails to demonstrate what damages he incurred as a result of Kavon's refusal of service and we hold that, in the alternative to the rationale of excused performance above, Eldridge has failed to demonstrate damages and his breach of contract claim must fail as a matter of law.
¶10 Because Kavon was prevented from honoring Eldridge's requests to use his Cow Calendar Card discounts as a result of Eldridge's own behavior, and because Eldridge has failed to demonstrate what damages he incurred as a result of such breach, we hold that there is no dispute as to a material fact and that Kavon was entitled to judgment as a matter of law.
¶11 AFFIRMED.
GOREE, C.J., and JOPLIN, P.J., concur.
FOOTNOTES
[1] Eldridge's claims under the Oklahoma Consumer Protection Act (OCPA) are not supported by any evidence other than his own conclusory affidavit. Because self-serving affidavits do not meet the evidentiary burden necessary to withstand summary judgment, we affirm the trial court's judgment with regard to the OCPA claims and do not further address them herein.
[2] We also suppose that Eldridge could make use of his Cow Calendar Card at the drive-through window by walking up, placing and receiving his order.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2005 OK CIV APP 15, 108 P.3d 567, ROBERSON v. JEFFREY M. WALTNER, M.D., INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 99, 769 P.2d 1302, 59 OBJ 2452, Allen v. State ex rel. Bd. of Trustees of Oklahoma Uniform Retirement System for Justices and Judges
Discussed
 1937 OK 168, 67 P.2d 27, 180 Okla. 39, CHILTON v. OKLAHOMA TIRE & SUPPLY CO.
Discussed
 2001 OK 21, 24 P.3d 834, 72 OBJ 640, DIGITAL DESIGN GROUP, INC. v. INFORMATION BUILDERS
Discussed
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2011 OK 82, 267 P.3d 106, DEPT. OF SECURITIES ex rel. FAUGHT v. WILCOX
Discussed
 2012 OK 80, 286 P.3d 643, HARMON v. CRADDUCK
Discussed
 2014 OK 68, 336 P.3d 457, WOOD v. MERCEDES-BENZ OF OKLAHOMA CITY
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA