FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROSE WOODS,

    Plaintiff - Appellant,

v.

ROSS DRESS FOR LESS, INC., a
foreign corporation,

    Defendant - Appellee.

No. 21-5067
(D.C. No. 4:18-CV-00327-TCK-JFJ)
(N.D. Okla.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.

_____

Rose Woods appeals the district court's entry of summary judgment in favor of Ross Dress for Less, Inc., on her Oklahoma premises liability claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

I

Woods was injured when she tripped and fell over a "now hiring" sign that had fallen over near the entrance of a Ross store. Aplt. App., vol. I at 124. The fall was captured on video. Woods testified that she did not see the sign as she was entering the store because she was "looking up to see where the entrance was" and she was "window shopping." *Id.* at 131-32. The store manager, Megan Butler, testified that she placed the sign in front of the store for the previous twenty days and never saw it lying flat on the ground.

Woods brought this premises liability action in Oklahoma state court. We need not detail the procedural history of the case; for present purposes it enough to know Ross removed the suit to federal court based on diversity jurisdiction and moved for summary judgment.[1] The district court granted the motion and later denied as untimely Woods' motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). This appeal followed.[2]

---

[1]     For a discussion of the procedural history and the issues evaluated in Woods' previous appeal, see *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754 (10th Cir. 2021), and *Woods v. Ross Dress for Less, Inc.*, 985 F.3d 775 (10th Cir. 2021) (Hartz, J., dissenting).

[2]     Woods did not appeal the denial of her Rule 59(e) motion.

II

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied." *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020) (internal quotation marks omitted). "'The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "[B]ecause this is a diversity case, we ascertain and apply Oklahoma law such that we reach the result that would be reached by an Oklahoma court." *Martinez v. Angel Expl., LLC*, 798 F.3d 968, 973 (10th Cir. 2015) (brackets and internal quotation marks omitted).

In Oklahoma, a landowner owes an invitee a duty to "exercise reasonable care to keep the premises in a reasonably safe condition for the reception of the visitor." *Id.* at 974 (brackets omitted) (quoting *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1212 (Okla. 2008)).[3] This duty "applies to defects or conditions which are in the nature of hidden dangers, traps, snares, or pitfalls and the like which are not known to the invitee and would not be observed by him in the exercise of ordinary care."

---

[3]    The parties agree for purposes of summary judgment that Woods was an invitee—*viz.*, "'one who possesses an invitation to be upon the premises, express or implied,'" *Martinez*, 798 F.3d at 974 n.3 (quoting *McKinney v. Harrington*, 855 P.2d 602, 604 (Okla. 1993)).

*Southerland v. Wal-Mart Stores, Inc.*, 848 P.2d 68, 69 (Okla. Civ. App. 1993). But "[i]t does not extend to 'dangers which are so apparent and readily observable that one would reasonably expect them to be discovered.'" *Martinez*, 798 F.3d at 974 (quoting *Scott*, 191 P.3d at 1212). Indeed, "the invitor is not a guarantor of the safety of its invitees." *Dover v. W.H. Braum, Inc.*, 111 P.3d 243, 245 (Okla. 2005). And "the mere fact that an injury occurs carries with it no presumption of negligence." *Gillham v. Lake Country Raceway*, 24 P.3d 858, 860 (Okla. 2001). Oklahoma "generally eliminate[s] a landowner's duty to protect a third-party [from] dangers so open and obvious as to reasonably expect others to detect them for themselves." *Wood v. Mercedes-Benz of Okla.*, 336 P.3d 457, 459 (Okla. 2014) (internal quotation marks omitted).

Still, "the open and obvious doctrine is not absolute." *Id.* The existence and extent of a duty turns largely on the foreseeability of injury. *See id.* at 459-60. For example, in *Mercedes-Benz*, the defendant car dealership's sprinkler system activated overnight, when temperatures were freezing, leaving a layer of ice throughout the property. *See id.* at 458. When the plaintiff, a catering employee, arrived the next day to work a catered event at the dealership, she recognized the danger posed by the ice before she slipped and fell. *See id.* But the court noted she was not a customer of the dealership who, like an ordinary invitee, could avoid the open and obvious hazard by leaving the premises; rather, she "was present

4

to fulfill her employer's contractual duty to provide service for an event sponsored by the dealer." *Id.* at 459 n.6. And after she fell, an employee of the dealership acknowledged he "should have put salt down when [he] got [t]here." *Id.* at 458 (brackets and internal quotation marks omitted). Under those circumstances, the *Mercedes-Benz* court concluded the dealership had a duty to take precautionary measures for the catering employees. *Id.* at 460. The court reasoned that the dealership had notice of the icy condition and also knew that catering employees would cater the scheduled business event, and thus it was foreseeable that the catering employees would encounter the hazard. *Id.* The court emphasized that the icy condition was not dispositive of the dealership's duty because, unlike a "random customer," the plaintiff "was required to cross the hazardous condition in furtherance of her employment." *Id.* at 460 n.8.

We have observed that *Mercedes-Benz* aligns with the majority view as formulated in the Restatement, which "created an exception [to the open and obvious doctrine] allowing liability where a landowner should anticipate the harm despite the open and obvious nature of the condition." *Martinez*, 798 F.3d at 976. Under the Restatement, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1) (Am. L. Inst.

5

1965). This exception might apply, for example, "'*where the possessor has reason to expect that the invitee's attention may be distracted*, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.'" *Martinez*, 798 F.3d at 976-77 (emphasis added) (quoting Restatement § 343A cmt. f).

Here, Woods was a random customer entering the store as an invitee. The store manager testified that for the past twenty days she had placed the sign outside the store every morning and left it up until the store closed at night and she had never seen the sign lying flat on the ground before this occasion. On the day Woods fell, the video depicts the bright blue and white sign on the walkway between the store's two sliding automatic doors. Some 58 other patrons and passersby avoided the sign. During the entirety of the video preceding Woods' fall, which lasts seven minutes and thirty seconds, only two other people contacted the sign—a woman who bumped it with her heel as she grasped a child's hand, and a man who stepped on it while speaking with another person and looking at something in his hand. Both individuals left the premises. This evidence does not suggest that Ross had actual or constructive knowledge of the danger posed by the sign or that any risk of danger was foreseeable. Although Woods insists the danger was foreseeable because the two patrons contacted the sign, neither of them reentered the store, and Woods cites no evidence that they reported the fallen sign to store employees.

6

Woods also emphasizes the "distraction exception" to the open and obvious doctrine discussed in *Martinez* and the Restatement—*viz.*, that the open and obvious doctrine might not apply when a possessor of land has reason to expect an invitee could be distracted. *See* Aplt. Opening Br. at 16; *see also Martinez*, 798 F.3d at 976-77. Citing her testimony that she was "window shopping," Aplt. App., vol. I at 132, Woods contends she was distracted and a jury could "reasonably infer [that her] attention was diverted," Aplt. Opening Br. at 17. The problem, however, is that Woods waited until her motion to alter or amend the judgment to raise this theory, and "we do not ordinarily entertain arguments made for the first time in a motion to alter or amend the judgment," *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 535 (10th Cir. 2016). Woods' summary judgment response generally argued the sign was not an open and obvious danger and it was foreseeable that the sign could be blown over by the wind. *See* Aplt. App., vol. I at 158-64. Although she obliquely acknowledged she was not "paying attention," *id.* at 161, she did not cite *Martinez*, *Mercedes-Benz*, or the Restatement, nor did she did she argue her distraction theory as an exception to the open and obvious doctrine until her untimely Rule 59(e) motion, *see id.*, vol. II at 335-38 (citing *Martinez*, *Mercedes-Benz*, and the Restatement in support of the theory that she was distracted by the window displays); *see also id.* at 339 ("Plaintiff was 'window shopping' and may have been distracted by cars or passersby."). Under these circumstances,

7

we decline to consider her argument. *See Sprint Nextel*, 822 F.3d at 535-36 & n.9 (declining to consider appellant's impaired-title theory first raised in the motion to alter or amend, noting that although appellant stated in summary judgment proceedings that it was permitted to transfer title of telephones to its customers, appellant "did not (1) explain why it held title to the telephones free and clear or (2) discuss the property-law principles [it] relied upon"); *see also Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (recognizing that a Rule 59(e) motion "is not appropriate to . . . advance arguments that could have been raised in prior briefing").

III

The district court's judgment is affirmed.

Entered for the Court

Per Curiam